Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 17, 2012, which, to the extent appealed from, denied defendant’s motion to dismiss the first cause of action, unanimously affirmed, with costs.
Plaintiffs adequately alleged that they did not possess the information necessary to determine that they had been overcharged under the provision of the parties’ commercial lease relating to real estate taxes until 2012, and the documentary evidence submitted by defendant, consisting of annual invoices for real estate taxes and the accompanying documentation, failed to conclusively rebut plaintiffs’ allegations (compare Goldman Copeland Assoc. v Goodstein Bros. & Co., 268 AD2d 370 [1st Dept 2000], lv dismissed 95 NY2d 825 [2000], 96 NY2d 796 [2001]).
Moreover, the lease is silent as to which party bears the responsibility for ascertaining whether the increase in the building’s real estate assessment is attributable to a rise in the value of the building’s commercial units, for which plaintiffs would be partially responsible, or to a rise in the value of the building’s residential units, for which plaintiffs would bear no liability. In addition, plaintiffs adequately alleged that they did not know that defendant was assessing them based on the increase in residential value, because the only documentation of the valuations was provided by the City to defendant, and defendant never forwarded this information to plaintiffs along with the real estate tax invoices, and therefore they had no reason to suspect improper assessments. Under these circumstances, the documentary evidence does not refute plaintiffs’ al *471 legations that payments were made under material mistakes of fact and law (see Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525 [2003]).
We have considered defendant’s remaining arguments and find them unavailing.
Concur—Mazzarelli, J.E, Acosta, Renwick, Richter and Gische, JJ.